# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

REGINALD SPELLMAN,     )    CIVIL ACTION NO. 9:16-1332-RMG-BM
       #316802,     )
                         )
        Petitioner,    )
                         )
v.                   )    **REPORT AND RECOMMENDATION**
                         )
                         )
WARDEN OF KERSHAW    )
CORRECTIONAL INSTITUTION,  )
                         )
        Respondent.   )
_____)

        Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on April 26, 2016.[1]

        The Respondent filed a return and motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on August 1, 2016. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on August 2, 2016, advising Petitioner of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed his own motion for summary judgment on August 4, 2016, and then a memorandum in opposition to the Respondent's motion for summary judgment on August 12, 2016. Respondent filed a reply memorandum on August 15, 2016.

---

[1]Since Petitioner did not include a date on his petition and the delivery date to the mailroom is after the filing date of the petition, the Court has used the actual filing date of the petition. Cf. Houston v. Lack, 487 U.S. 266, 270-276 (1988).



This matter is now before the Court for disposition.[2]

## Procedural History

Petitioner was indicted in the December 2010 term of the Richland County Grand Jury for assault with intent to commit criminal sexual conduct ("CSC") with a minor, first degree [Indictment No. 2010-GS-40-7590].  (R.pp. 634-635).  Petitioner  was represented by Reynolds Blankenship, Esquire, and Prentiss Shealey, Esquire, and proceeded to a jury trial on his charges on January 9, 2012.  After a five (5) day trial, the jury returned a verdict of guilty.  (R.pp. 520-521). Petitioner's sentencing was deferred, as the trial judge fell ill the day that the jury returned its verdict. (R.pp. 523-524).

On February 2, 2012, an on-the-record chambers discussion occurred *in camera* between the trial judge and a juror to address the juror's disclosing to the remainder of the jury - during the course of deliberations- that she had been sexually molested as a child.  (R.pp. 527-541). The juror did not disclose this information to the court during jury qualification or voir dire.  (R.p. 530).  The Respondent represents that the delayed disclosure was unintentional, as the juror had suppressed these childhood memories, and they flooded back towards the conclusion of the deliberations.  (R.pp. 529-532, 545).  In any event, Blankenship and the Solicitor again appeared before the trial judge on February 27, 2012 and the parties consented to set aside the guilty verdict and reached a negotiated plea agreement in which Petitioner would waive presentment to the grand jury on a charge of lewd act upon a minor, would plead guilty, and would receive a fifteen year

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C.  Both parties have filed motions for summary judgment.  As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



sentence, the maximum available for that charge. (R.pp. 543-546). The trial judge accepted Petitioner's negotiated plea and sentenced him to fifteen (15) years with credit for time served. (R.pp. 551, 637).

Petitioner thereafter filed a pro se notice of appeal. Upon direction by the court, Petitioner filed a  pro se Rule 203(d)(1)(B)(iv)[3] explanation further stating the basis for his appeal. See Respondent's Attachments 3 and 4. Petitioner raised the following issues:

> a.  The State presented insufficient evidence from which a conviction could be garnered [Court Docket 17-3, p. 3];
>
> b.  The trial court incorrectly denied a motion for mistrial in light of juror misconduct [Court Docket 17-3, pp. 2-3];
>
> c.  The State "lost exculpatory evidence that would help defendants case" [Court Docket 17-3, p. 3];
>
> d.  The victim gave inconsistent statements and her statements were not admissible at trial pursuant to S.C. Code Ann. § 19-1-180 [Court Docket 17-3, p. 3];
>
> e.  Petitioner's indictment was flawed as it included two separate code sections, thus the trial court lacked subject matter jurisdiction [Court Docket 17-3, p. 4];
>
> f.  Trial counsel deficiently performed by failing to accurately define the charge and process prior to Petitioner's guilty plea [Court Docket 17-5, p. 2];
>
> g.  The State's offering a plea deal after jury returned a verdict constituted prosecutorial misconduct [Court Docket 17-5, p. 2];
>
> h.  Trial counsel allegedly appear in the courtroom "with the very distinct aroma of alcohol on his breath." [Court Docket 17-5, p. 2]

---

[3]This rule requires that an appeal taken from a guilty plea must be accompanied by "a written explanation showing that there is an issue which can be reviewed on appeal." S.C. Appellate Ct. R. 203(d)(1)(B)(iv). The explanation "should identify the issue(s) to be raised on appeal and the factual basis for the issue(s) . . . . If an issue was not raised to and ruled upon by the lower court, the explanation shall include argument and citation to legal authority showing how this issue can be reviewed on appeal." Id.



Petitioner's trial and plea counsel notified the Court of Appeals that he believed that the record contained no appealable issues. <u>See</u> Respondent's Exhibit 4. On February 2, 2013, the South Carolina Court of Appeals found that Plaintiff had failed to provide a sufficient explanation as required by Rule 203 (d)(1)(B)(iv), SCACR, and accordingly, dismissed Petitioner's appeal. <u>See</u> Respondent's Exhibit 5. The Remittitur was sent down on March 28, 2013. <u>See</u> Respondent's Exhibit 6. Petitioner filed a <u>pro se</u> motion to recall the remittitur, which was denied in an order issued September 11, 2013. <u>See</u> Respondent's Exhibits 7 and 8.

On June 24, 2013, Petitioner filed an application for post-conviction relief (APCR) in state circuit court; <u>Spellman v. State of South Carolina</u>, No. 2013-CP-40-3673 (<u>see</u> Respondent's Exhibit 9); in which he raised the following issues:

**Ground One:** Ineffective Assistance of Counsel.

**Ground Two:** Did not knowingly or intelligently plead guilty

**Ground Three:** Coerced into plea of guilty

a) Alleged threats regarding length of sentence

(R.pp. 558-562). After obtaining counsel, Petitioner (through counsel) further amended his claims to also raise the following issues:

a) Failure to properly argue the forensic interview admissibility based on S.C. Code Ann. § 17-23-175, as well as to preserve the record;

b) Failed to properly argue prior sexual knowledge of the victim should be admissible as evidence as to how she would know to give a statement of this nature;

c) Failed to properly object to photographs of the alleged victim when she was five or six years of age;

d) Failed to properly object and complete the record during the *in camera* hearing of the victim regarding her understanding of what the truth means;



e) Failed to object to leading questions of the alleged victim during her testimony;

f) Failed to object to bolstering of the alleged victim's testimony during witnesses Nicole Williams and Investigator Richard Carter;

g) Failed to object to Heather Smith being introduced as an expert in forensic interviewing and failed to object to her testimony regarding child abuse victims;

h) Failed to make a motion to dismiss due to change of/lack of indictment on date of trial;

i) Failed to properly cross-examine witness Melissa Satterfield regarding her background in taking statements from alleged sexual assault victims.

(R.pp. 563-564).

An evidentiary hearing was held on December 9, 2014 to consider Petitioner's PCR application, at which he was represented by Anna Good, Esquire. (R.pp. 570-625). The PCR judge thereafter denied Petitioner's application by way of order of dismissal dated February 13, 2015 (filed February 20, 2015). (R.pp. 626-633).

Petitioner filed a timely notice of appeal. Petitioner was represented on appeal by LaNelle Durant, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a <u>Johnson</u>[4] petition seeking to be relieved as counsel and raising the following issue:

Did the PCR court err in failing to find plea counsel ineffective for not insuring that Petitioner Spellman's guilty plea was entered voluntarily and knowingly?

<u>See</u> Respondent's Exhibit 11.

Petitioner also filed his own <u>pro</u> <u>se</u> <u>Johnson</u> petition raising the following issues:

I.   State lacked subject matter jurisdiction in amending Petitioner's indictment on trial date. Because of the Amendment the State added aggr[a]vating factors and

---

[4]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1998); <u>see also</u> <u>Anders v. California</u>, 386 U.S. 744 (1967).

5



changed the nature of the offense.

    II.  State lacked subject matter jurisdictio[n] by excepting[sic] an uni[n]dicted plea

    III.  State lacked subject matter jurisdiction[n] for excepting[sic] a plea that was not of a lesser included under state statu[t]e and law.

<u>See</u> Respondent's Exhibit 12.

        The South Carolina Supreme Court granted counsel's request to be relieved and denied Petitioner's petition for a writ of certiorari on March 25, 2016. <u>See</u> Respondent's Exhibit 13. The remittitur was issued on April 12, 2016. <u>See</u> Respondent's Exhibit 14.

        Petitioner then filed this federal habeas petition, raising the following issues:

**Ground One:** Illegally Amended Indictment

**Supporting facts**: State Illegally Amended my Indictment at the day of trial making it impossible to defend myself at trial.

**Ground Two:** Jury Tampering

**Supporting facts:** Juror never disclosed she went through a molestation after being asked on a questionnaire[sic] given and then at deliberation disclosed it to the jurors at restorant[sic] and persuaded other jurors vote. Juror admitted it when questioned by judge, but judge ruled it unintentional.

**Ground Three**: Statute Violation.

**Supporting facts:** There is a statute that makes the alleged victim's out of court testimony inadmissible in court to convict me.

**Ground Four:** Loss of Evidence

**Supporting facts:** Before trial a witness that was naked by alleged victim gave a video statement about whether he seen the inc[]ident in which the alleged victim says he seen. In that video he states he did not see what she says and deny's[sic] ever seeing anything. That tape was lost before trial and a letter was sent to my counsel say so after we requested that tape for viewing.

<u>See</u> Petition (attachment), Court Docket No. 6-1, , pp. 6, 8-9, 11 (errors in original).



Petitioner also attached to this filing a "Petition for Relief from a Conviction or Sentence." This document raises a number of issues/allegations:

First, labeled "Arguments":

1. Indictment Being Illegally Amended at trial Date.

2. Petitioner was given a plea offer receiving a verdict on trial and the plea not being a lesser included, also Petitioner could not be given a plea after a verdict.

3. State lost evidence to help Petitioner before trial.

4. Petitioner had statute violations within his trial.

5. Unqualified testimony in trial.

6. Petitioner received guilty verdict because of a tampered jury.

7. Petitioner was not given a fair bite of the Apple in any of his lower court or supreme court of South Carolina.

8. Petitioner had Ineffective Assistance of Counsel at trial.

9. Petitioner took Involuntary Plea.

See Court Docket No. 6-1, pp. 18-19.

Second, labeled "Questions Presented":

1. Why did South Carolina Court of Appeals violate Petitioner "Equal Protection" and "Due Process Rights" by not giving him a Direct Appeal hearing?

2. Why did the trial court violate Petitioner "Equal Protection" and "Due Process Rights" by Illegally Amending Petitioner's Indictment at trial date?

3. Why did the trial court violate Petitioner's "Equal Protection" and "Due Process Rights" by giving Petitioner a "plea" after verdict of trial?

4. Why did the trial court violate Petitioner's "Equal Protection" and "Due Process Rights" by letting a "Tampered Jury" verdict stand?

5. Why did trial court violate Petitioner's "Equal Protection" and "Due Process Rights" by allowing a out-of-court statement by a minor to be used to convict



Petitioner?

6. Why did trial court violate Petitioner's "Equal Protection" and "Due Process Rights" by allowing a trial to go forth with exculpatory evidence lost which would help in Petitioners defense?

7. Why did the trial court violate Petitioner's "Equal Protection" and "Due Process Rights" by allowing "Unqualified testimony?"

<u>See</u> Court Docket No. 6-1, pp. 20-21.

Next, Petitioner briefed two issues with supporting facts:

Issue One: Illegal Extradition.

Issue Two: Ineffective Counsel.

<u>See</u> Court Docket No. 6-1, pp. 22-27.

When the Respondent filed its motion for summary judgment, it pointed out that numerous issues discussed and/or listed in the Petition and attachments were not cognizable in this action. <u>See</u> Respondent's Memorandum in Support of Summary Judgment, pp. 13-14. The Respondent also argued that all but three of Petitioner's issues were procedurally barred. <u>See</u> Respondent's Memorandum in Support of Summary Judgment, p. 19. In response to that motion, Petitioner narrowed the issues which he is pursuing in this action to the following[5]:

_____

[5]In order to have pursued the procedurally barred issues, Petitioner would have had to present cause and prejudice for his default. <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). Since Petitioner has offered no cause, those issues would be procedurally barred. <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]. However, since Petitioner has narrowed his issues to the three issues which are not procedurally barred, those are the only issues now being pursued in this action and discussed herein. <u>See</u> Petitioner's Memorandum in Opposition to Summary Judgment, filed on August 12, 2016, p. 2. These issues have also been considered on summary judgment for the Petitioner to the extent that those issues were presented in Petitioner's motion for summary judgment, which was filed before he narrowed the issues being presented in this case.



**Ground One:** Unknowing and Involuntary Plea due to improper advice of counsel.

**Ground Two:** Ineffective Assistance of Counsel on a variety of issues.

**Ground Three:** Loss Evidence.

See Petitioner's Memorandum in Opposition to Summary Judgment, filed on August 12, 2016, pp. 2-4.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990).

## I.

In Ground One, Petitioner contends that his guilty plea was involuntarily entered because of counsel's advice that he take an unindicted plea, counsel's coercion with the threat of a lengthy sentence, and counsel's misleading advice that the plea was a lesser-included offense. In Ground Two, Petitioner contends that his counsel was ineffective for allowing him to take an unindicted plea after receiving a verdict at trial, advising Petitioner to plead to a charge that was



never sent to the grand jury, that counsel's poor performance at trial forced Petitioner to take the plea, and that counsel withheld information from the Petitioner about the charge not being indicted.  See Memorandum in Opposition [Court Docket No. 22, p. 4].

These claims were both addressed in Petitioner's PCR proceedings, where he had the burden of proving the allegations in his petition, as well as on appeal to the State Supreme Court. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986); see also (R.pp. 626-633); The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Spellman v. State of South Carolina, No. 2013-CP-40-3673.  Specifically, the PCR judge found that: 1) on February 27, 2012, Petitioner waived presentment to the Lewd Act indictment [2010-GS-40-7590] and pled guilty; 2) the trial court accepted the parties' negotiations and sentenced Petitioner to fifteen years imprisonment; 3) Petitioner testified that he retained counsel Blankenship and met with him four times; 4) during those meetings, counsel advised Petitioner of his right to a trial and Petitioner made the decision to take the case to trial; 5) Petitioner conceded that he was facing a maximum of thirty years imprisonment on the CSC charge, but pled to the fifteen year negotiated sentence to avoid the risk of being convicted if the motion for mistrial was granted; 6) Petitioner claimed that he only pled guilty because he had already been found guilty by the jury; 7) Petitioner also testified that his testimony and answers given at the guilty plea were at odds with his testimony at the PCR hearing; 8) he acknowledged that he fully admitted his guilt, understood and waived his various constitutional rights, and even stated that he was satisfied with counsel's performance and representation at the guilty plea; 9) Petitioner also testified in support of his allegations that counsel was ineffective during the trial preceding his admission of his guilt and his plea of guilty;



10) Blankenship testified that he was retained by Petitioner; 11) Blankenship testified that he advised Petitioner of his right to a jury trial and that they proceeded to a trial where the jury rendered a guilty verdict; 12) Blankenship testified that a juror came forward and expressed that she may have failed to disclose a repressed memory during voir dire questioning; 13) Blankenship then moved for a mistrial; 14) the trial court took the motion under advisement; 15) Blankenship explained that the prosecuting solicitor and he then entered into plea discussions in an attempt to come to a disposition agreeable to both sides; 16) Blankenship testified he apprised Petitioner of the juror's disclosure and his motion for a mistrial; 17) Blankenship stated he reviewed with the Petitioner the lewd act charge and the plea offer that Petitioner ultimately entered into; 18) Blankenship testified that he advised Petitioner of the rights he was waiving by pleading guilty; 19) in Blankenship's opinion, Petitioner had a full understanding of those rights;

20) the PCR court reviewed the testimony presented at the evidentiary hearing, observed the witnesses presented at the hearing, passed upon their credibility, and weighed the testimony accordingly; 21) as a matter of general impression, Petitioner's testimony and assertions were not credible; 22) Blankenship's testimony was credible and persuasive on all matters; 23) Petitioner set forth numerous allegations that Blankenship was ineffective at Petitioner's trial which preceded his guilty plea; 24) Respondent made a motion to dismiss all allegations as to counsel's effectiveness at trial and argued Petitioner waived those allegations by pleading guilty; 25) the PCR Court agreed; 26) by pleading guilty, the Petitioner expressly waived any challenges to those earlier proceedings; 27) it was unnecessary to detail the testimony relating to the allegations of counsel's ineffective assistance at trial as they were not relevant in the PCR Court's determination; 28) therefore, the PCR court only considered Petitioner's allegation that he did not plead guilty



voluntarily;

29) Petitioner failed to meet his burden to show his plea was involuntarily entered; 30) counsel's testimony was very credible regarding his advice to Petitioner concerning the guilty plea; 31) counsel adequately conferred with Petitioner and was thoroughly competent in his representation; 32) Petitioner was fully informed of the nature and consequences of his plea; 33) the plea judge carefully explained the various rights Petitioner was waiving by pleading guilty; 34) the record fully reflected that Petitioner admitted his guilt to the court; 35) Petitioner answered in the affirmative when asked whether he understood the rights he was waiving; 36) Petitioner could not now contest those sworn responses; 37) Petitioner told the court that he had not been promised or threatened by anyone to entice him to plead guilty; 38) Petitioner's testimony on this issue was not credible as his testimony at the PCR hearing was wholly inconsistent with his testimony at his guilty plea; 39) Petitioner had a full understanding of the consequences of the plea and the charges against him; 40) the plea judge correctly found that Petitioner's plea was freely, voluntarily, and intelligently made; 41) as to any and all other allegations that were raised in the application or at the hearing and not specifically addressed in the PCR Court's order, Petitioner had failed to present any evidence regarding such allegations; and 42) Petitioner had abandoned any such allegations. (R.pp. 627-632). As noted, the South Carolina Supreme Court denied Petitioner's appeal. See Respondent's Exhibit 14.

Substantial deference is to be given to the state court's findings of fact. Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir.



2000)(en banc), <u>cert. denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  <u>See also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert. denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d. 1560, 1568 (4th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th Cir. 1990), <u>cert. denied</u>, 499 U.S. 913 (1991)).  Nevertheless, with regard to the ineffective assistance of counsel claims that were adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 529 U.S. 362 (2000).  <u>See</u> <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes



"whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694.  In <u>Strickland</u>, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial. Further, where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. <u>Hill v. Lockhart</u>, 474 U.S. 52 (1985). Here, after careful review of the record and the arguments presented, the undersigned finds and concludes for the reasons set forth hereinbelow that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under the standard of <u>Strickland</u> and <u>Hill</u>, or that his guilty plea was not voluntarily and knowingly entered.  <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].

When a defendant pleads guilty, he waives all non-jurisdictional defenses and claims of constitutional violations, and at PCR, he can only attack the voluntary and knowing nature of his plea. <u>See</u> <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973) ["When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea . . . he may only attack the voluntary and intelligent character of



the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann."] [citing McMann v. Richardson, 397 U.S. 759, 770 (1970)]; Menna v. New York, 423 U.S. 61, 62 n.2 (1975) ["A guilty plea . . . renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established."].  Petitioner has failed to show that his plea here was not knowingly and voluntarily made.

A review of the record confirms that at Petitioner's guilty plea, counsel (in Petitioner's presence) represented to the plea court that he had reviewed the nature of the charge to which Petitioner was pleading guilty and the possible penalties that Petitioner could receive.  Counsel also informed the Court that Petitioner wished to plead guilty.  After first listening to counsel's representations, Petitioner then himself affirmed to the Court that he wanted to plead guilty.  (R.p. 546).  Petitioner affirmed to the plea court that he understood the charge that he was facing, the possible punishment, and that he wished to plead guilty.  (R.pp. 546-547).  Petitioner also affirmed that he understood his right to a trial, the right to confront and cross-examine witnesses, to present any witnesses and/or evidence in his defense, his right to testify in his defense, his right not to testify, and that the jury could not consider his failure to testify in their deliberations on his guilt or innocence.  (R.p. 547).  Petitioner then affirmed that he knew the State would have to prove his guilt beyond a reasonable doubt, that the verdict of guilty would have to be unanimous, and that even if he was convicted, that he would have the right to appeal.  (R.pp. 547-548).  Not withstanding these rights, Petitioner testified that he still wished to plead guilty, and that  no one had promised him or threatened him in any way to get him to plead guilty.  Petitioner also testified that he was satisfied with his counsel's representation, that his counsel had fully discussed the charges against him, and



that he had done everything that Petitioner asked him to do in preparation for his plea. (R.p. 548). Petitioner testified that he was pleading guilty freely and voluntarily, and that he did not have any mental or physical infirmity that would keep him from understanding what was happening at his guilty plea. (R.pp. 548-549). Petitioner then admitted that on or about a time period from December 31, 2004 through September 28, 2006, he did commit a lewd act upon a child. (R.p. 549). The plea court then found that Petitioner's decision to plead guilty was freely, voluntarily, and intelligently made, that Petitioner was satisfied with his counsel, that his counsel was competent, and that there was a factual basis for his plea. (R.p. 549). After the plea court accepted Petitioner's plea, Petitioner apologized to the court and thanked the court for accepting his plea. (R.p. 550). Petitioner was then sentenced to fifteen years with credit for time served. (R.pp. 550-551).

At his PCR hearing, Petitioner testified that he had retained Blankenship to represent him and that they met about four times prior to his trial. (R.p. 576). Petitioner testified that he wanted to go to trial and not plead, but that after he was found guilty at his trial and had moved for a new trial due to juror misconduct, the trial judge indicated that the juror's conduct was unintentional and that he was not going to grant a new trial, so at that point he agreed to plead guilty to the lewd act charge because he was not going to get another trial and he had already been found guilty on the other charge. (R.p. 579). Petitioner also conceded at his PCR hearing that he waived presentment of the lewd act charge; (R.pp. 588-589); and that the plea judge asked him numerous times if he was giving up his right to a trial and wanted to plead guilty, and that he told the plea judge that yes he was giving up his right to present a defense. (R.p. 590).

Blankenship testified at the PCR hearing that he was retained by the Petitioner and that he went over the charges with the Petitioner before trial and before the plea. (R.pp. 594-595).



Blankenship testified that immediately before trial the Solicitor stated that they needed to change the original charge to "attempt", because they did not believe they could prove penetration. (R.p. 595). Blankenship stated that he and Petitioner then discussed it and that although they could have objected to the amendment of the charge at that time, they would only have delayed the matter until the Solicitor could take it back to the grand jury to obtain a new indictment and that, after discussion with the Petitioner, they decided that they would rather proceed at that time. (R.pp. 595-596). Blankenship also testified that while he and his co-counsel could have objected more at trial, he did not believe that their objections would have been successful and that it would have further highlighted the testimony to the jury. (R.p. 598). Blankenship also thought that it might look unfavorable to the jury if it appeared that counsel was attacking the child victim by making additional objections. (R.p. 599).

Then, after the trial, the trial judge was contacted regarding a juror who had suppressed a memory of being molested as a child. (R.p. 600). Blankenship testified that the judge held an *in camera* hearing with counsel and the juror, that the judge indicted that he did not think that it was intentional on the juror's part, and that therefore this would not entitle Petitioner to a new trial. (R.p. 600). After indicating that he was not inclined to give Petitioner a new trial, the judge suggested that counsel try to see if they could work something out, and the Solicitor offered to allow Petitioner to plead to committing a lewd act. (R.pp. 600-601, 607). Blankenship stated that he went to talk to the Petitioner and that Petitioner agreed to take the deal. (R.p. 601). Blankenship also testified that he had no reason to think that the Petitioner did not understand the plea, and that it was what they had agreed to. (R.p. 603).

This record does not establish that Petitioner was coerced, threatened, or improperly



advised in order to induce him to plead guilty. The PCR court found Petitioner's counsel credible and that Petitioner was not credible, findings that are entitled to substantial deference on habeas corpus review. Marshall v. Lonberger, 459 U.S. 422, 434 (1983)["28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court ..."]. While a district court may, in an appropriate case, reject the factual findings and credibility determinations of a state court; Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); the court may not substitute its own credibility determinations for those of the state court simply because it disagrees with the state court's findings (assuming that were to be the case). Further, given the deference due the state court's findings on this credibility issue, Petitioner has not shown that the state court's findings were unreasonable under § 2254(d), nor has Petitioner overcome the presumption accorded to the PCR court's findings. See Pondexter v. Dretke, 346 F.3d 142, 147-149 (5th Cir.2003)[finding that the district court "failed to afford the state court's factual findings proper deference" by "rejecting the state court's credibility determinations and substituting its own views of the credibility of witnesses."]; Evans, 220 F.3d at 312. See Seymour v. Walker, 224 F.3d 542, 553 (6th Cir.2000)["Given the credibility assessment required to make such a determination and the deference due to state-court factual findings under AEDPA, we cannot say that the trial court's finding was unreasonable under § 2254(d)(2)."].

Further, in addition to being advised by counsel, it is clear in the record that the plea court also went over the facts of the case, Petitioner's rights prior to the acceptance of the plea, and his negotiated sentence, following which Petitioner admitted he had committed the crime and entered his plea of guilty. Cf. Pittman v. South Carolina, 524 S.E.2d 623, 625 (S.C. 1999) ["A defendant's knowing and voluntary waiver of the constitutional rights which accompany a guilty plea 'may be



accomplished by colloquy between the Court and the defendant, between the Court and defendant's counsel, or both."] (citing State v. Ray, 427 S.E.2d 171, 174 (S.C. 1993)); see also State v. Lambert, 225 S.E.2d 340 (1976)); Roddy v. South Carolina, 528 S.E.2d 418, 421 (S.C. 2000). See Sargent v. Waters, 71 F.3d 158, 160 (1995)["The [United States] Supreme Court has . . . held that while 'the governing standard as to whether a plea of guilty is voluntary for purposes of the Federal Constitution is a question of federal law, and not a question of fact subject to the requirements of 28 U.S.C. § 2254(d),' the historical facts underlying such pleas are entitled to deference under the statute."](quoting Marshall, 459 U.S. at 431-432). Hence, Petitioner has not provided the Court with any evidence that he did not intend to plead guilty to the lewd act charge, under oath to the presiding judge, without objection in open court. As such, there is nothing reversible in the state court's findings based on the record of this case. Evans, 220 F.3d at 312.

With regard to Petitioner's contention that his counsel was ineffective at trial for allowing the indictment to be amended immediately prior to trial, this issue was waived by Petitioner's guilty plea because it concerns purported constitutional errors that occurred before Petitioner's guilty plea that are not logically inconsistent with Petitioner's guilt.[6] Petitioner also alleges trial counsel generally performed poorly at his trial; however, because this claim concerns purported errors in his trial, and not the jurisdiction of the court or the voluntariness of Petitioner's guilty plea, Petitioner's right to raise this issue during collateral review was also waived when he pled guilty. See Tollett, 411 U.S. at 267.

---

[6]The plea occurred after the parties consented to set aside the jury verdict, which found Petitioner guilty of assault with intent to commit CDC with a minor, first degree. (R.pp. 544-545). Therefore, Respondent argues that any claim related to the original CSC charge is moot and not cognizable, as was found by the PCR court in its decision. (R.p. 631). .



Petitioner also argues that his plea should be set aside because the plea charge was never presented to the Grand Jury and counsel failed to properly advise him of such. Cf. State v. Munsch, 338 S.E.2d 329, 330 (S.C. 1985) ["Guilty pleas act as a waiver of all non-jurisdictional defects and defenses[,]" and leaves open for review only the sufficiency of the indictment]. However, the "sufficiency of an indictment or information is primarily a question of state law". Tapia v. Tansy, 926 F.2d 1554, 1560 (10th Cir. 1991)](quoting Franklin v. White, 803 F.3d 416, 418 (8th Cir. 1986))(quoting Goodloe v. Parratt, 605 F.2d 1041, 1045 n. 12 (8th Cir. 1979), cert. denied, 481 U.S. 1020 (1987)), cert. denied, 502 U.S. 835 (1991). Deficiencies in state court indictments "are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." Ashford v. Edwards, 780 F.2d 405, 407 (4th Cir. 1985). See also Johnson v. Puckett, 930 F.2d 445, 447 (5th Cir. 1991), cert. denied, 502 U.S. 890 (1991) ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."]; Morlett v. Lynaugh, 851 F.2d 1521, 1523 (5th Cir. 1988)["[T]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction."](quoting Alexander v. McCotter, 775 F.2d 595, 598 (5th Cir. 1985)(other citation omitted)), cert. denied, 489 U.S. 1086 (1989).

There is no evidence of any such deficiency in this case. Blankenship testified that Petitioner waived presentment to the grand jury on the charge of lewd act upon a minor and pled guilty to that charge. (R.pp. 600-601, 603). Petitioner himself also conceded in his testimony that he had done so. (R.pp. 588-590). Further, the PCR court addressed Petitioner's challenges to the



20

amendment of his trial indictment and found them to be expressly waived. (R.pp. 631-632). There is nothing in the evidence relating to the indictments provided to this Court or with respect to Petitioner's negotiated plea to show that Petitioner's federal due process rights were violated. Ashford, 780 F.3d at 407. Therefore, there is no basis in the record before this Court on which to find a federal due process violation. State v. Owens, 359 S.E.2d 275, 277 (S.C. 1987) [Indictment is sufficient "if the offense is stated with sufficient certainty and particularity to enable the court to know what judgment to pronounce, the defendant to know what he is called upon to answer, and if an acquittal or conviction thereon may be pleaded as a bar to any subsequent prosecution"]; Johnson, 930 F.2d at 447, cert. denied, 502 U.S. at 890 ["In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment."].

Additionally, to the extent that Petitioner is alleging the trial court lacked subject matter jurisdiction due to a deficiency in the original indictment or the amendment of that indictment, that is also not a cognizable claim because a state court's subject matter jurisdiction is a matter of state law, and it is not for this Court to determine such issues of state law. Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) [providing a federal habeas court may not evaluate petitioner's claim that the state trial court lacked subject matter jurisdiction because such a determination is a matter of state law, and not the Constitution or law or treaties of the United States]; see also Pulley v. Harris, 465 U.S. 37, 41(1984) ["A federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law."]; Thompson v. Perry, No 06-3429, 2007 WL 2579570 at *4 (D.S.C. Sept. 4, 2007)["[I]t is up to South Carolina courts to resolve issues as to whether or not subject matter jurisdiction exists."]; Dew v. Pancake, No. 07-37, 2007 WL 4302429 at *4 (W.D.Ky. Dec. 7,



2007)["This court does not review determinations of state law [regarding a subject matter jurisdiction challenge] made by South Carolina courts"].

In any event, the South Carolina Supreme Court noted in <u>Winns v. State</u>,

> that our decision in this case is consistent with the recently published opinion of <u>State v. Gentry</u>, Op. No. 25949 (S.C. Sup.Ct. filed March 7, 2005), which explains that indictments are notice documents, not documents required to confer subject matter jurisdiction. <u>See</u> S.C. Const. art. V, Section 11 (providing that circuit courts are 'general trial court[s] with original jurisdiction in civil and criminal cases, except those cases in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law').

611 S.E.2d 901, 904 n. 2 (S.C. 2005).

In <u>Gentry</u>, the South Carolina Supreme Court overruled prior cases "to the extent that they combine the concept of the sufficiency of an indictment and the concept of subject matter jurisdiction." <u>Gentry</u>, 610 S.E.2d 494, 500-501 (S.C. 2005). Therefore, under current South Carolina law, Petitioner's allegation with respect to a purported defect in his charge or indictment is not even a subject matter jurisdiction claim. <u>See</u> <u>Madden v. Warden</u>, No. 07-1109, 2008 WL 351010, *5 (D.S.C. Feb. 7, 2008) [Discussing retroactivity of <u>Gentry</u>]; <u>State v. Means</u>, 626 S.E.2d 348, 352 (S.C. 2006)[same]; <u>see also</u> <u>Mazyck v. Knowlin</u>, No. 09-1222, 2009 WL 2447981 at * 1 (D.S.C. Aug. 7, 2009)["South Carolina Supreme Court has ruled that alleged deficiencies and irregularities in an indictment are not matters of subject matter jurisdiction."]; <u>Evans v. State</u>, 611 S.E.2d 510, 516-520 (S.C. 2005)[subject matter jurisdiction is the power of a court to hear and determine cases whereas the indictment is a notice document and issues relating to the indictment generally are not issues of subject matter jurisdiction].

Finally, in addition to failing to prove any ineffective assistance, Petitioner has also failed to show he suffered any prejudice due to counsel's advice, as he has failed to show that, even



if his counsel had explained anything in more detail than he did, that Petitioner would have chosen not to accept the plea and to face a substantially higher minimum sentence to the charge which he was found guilty of at trial. Criminal defendants often make the decision to plead guilty based on a likelihood of conviction at trial, and although Petitioner now claims that his plea was involuntary, "[r]epresentations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Further, statements of the accused that facially demonstrate the plea's validity are conclusive absent compelling reasons why they should not be, such as ineffective assistance of counsel. Via v. Superintendent, Powhatan Correctional Center, 643 F.2d. 167, 171 (4th Cir. 1981). Here, there is no evidence of ineffective assistance. Rather, the record shows that Petitioner chose to enter a plea of guilty, and did so freely and voluntarily. Little v. Allsbrook, 731 F.2d 238 (4th Cir.1984); U.S. v. Futeral, 539 F.2d 329 (4th Cir.1975); Brady v. United States, 397 U.S. 742 (1970) [pleading guilty to avoid a reasonable possibility of receiving a greater sentence does not constitute a coerced plea]; Boykin v. Alabama, 395 U.S. 238 (1969).

Petitioner has therefore failed to meet his burden of proving trial counsel failed to render reasonably effective assistance. Smith, 528 F.2d at 809 [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]; see also Wade v. State, 419 S.E.2d 781, 782 (S.C. 1992)["Court must uphold the findings of the PCR judge if such findings are supported by any evidence"]; Hill, 474 U.S. 52 [Where a guilty plea is involved, in order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, he could not



have pled guilty and would have insisted on going to trial]. Grounds One and Two of the Petition are without merit and should be dismissed.

## II.

In his memorandum in opposition, when Petitioner set forth the issues that he was proceeding on, his Ground Three was listed as "Loss of Evidence." However, Petitioner did not discuss or otherwise address this ground for relief in his memorandum in opposition to summary judgment. Therefore, it is not clear if he is still pursuing this issue. In any event, even assuming arguendo that Petitioner is still pursuing a claim relating to loss of evidence, he has not shown that he is entitled to relief on this issue.

The record reflects that Petitioner's counsel raised this issue prior to trial in a motion to dismiss, which was denied by the trial court. (R.pp. 118-126, 167). Petitioner's contention was that the State, in violation of Brady v. Maryland[7], lost or withheld video evidence of the victim's older brother's forensic interview. (R.pp. 118-126). Petitioner also pursued this issue in his pro se notice of direct appeal. See Respondent's Exhibits 2 and 3. However, as previously discussed, when a defendant pleads guilty, he waives all non-jurisdictional defenses and claims of constitutional violations, and can only attack through an APCR the voluntary and knowing nature of his plea. See Tollett, 411 U.S. at 267 [citing McMann, 397 U.S. at 770]; Menna, 423 U.S. at 62 n.2; see also State v. Munsch, 338 S.E.2d at 330.

Accordingly, Ground Three was waived by Petitioner's guilty plea because it concerns purported constitutional errors that occurred before Petitioner's guilty plea that are not logically

---

[7]Brady v. Maryland, 373 U.S. 83, 87 (1963)[holding "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."]



inconsistent with Petitioner's guilt.  See Tollett v. Henderson, supra.  Therefore, Ground Three is without merit and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Petitioner's motion for summary judgment be **denied**, that the Respondent's motion for summary judgment be **granted**, and that this petition be **dismissed**.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

September 12, 2016
Charleston, South Carolina

25



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

