IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Reginald Spellman, #316802, | ) |
|                    Petitioner, | ) No.: 9:16-cv-1332-RMG |
| vs. | ) |
| Warden of Kershaw Correctional Institution, | ) **ORDER** |
|                    Respondent. | ) |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 25). The R & R recommends that Petitioner's Motion for Summary Judgment (Dkt. No. 21) be denied, Respondent's Motion for Summary Judgment (Dkt. No. 18) be granted, and the habeas petition be dismissed. For the reasons stated below, the Court **ADOPTS** the R & R, **DENIES** Petitioner's Motion for Summary Judgment, **GRANTS** Respondent's Motion for Summary Judgment, and **DISMISSES** the habeas petition.

## I. Background

In December 2010, a Richland County Grand Jury indicted Petitioner for assault with intent to commit criminal sexual conduct (CSC) with a minor, first degree. (Dkt. No. 17-2 at 183). Petitioner was represented by Reynolds Blankenship and Prentiss Shealy, and proceeded to a jury trial on January 9, 2012. After a 5-day trial, the jury returned a guilty verdict. (Dkt. No. 17-2 at 24–26). Petitioner's sentencing was deferred because the trial judge fell ill the day the jury returned a verdict. (Dkt. No. 17-2 at 27–29).

On February 2, 2012, an on-the-record *in camera* chambers discussion between the trial judge and a juror took place to address the juror's mid-deliberations disclosure to her fellow

1

jurors that she had been sexually molested as a child. (Dkt. No. 17-2 at 31–45). The juror did not disclose this information during the jury qualification process or voir dire, and believed that her disclosure convinced three jurors that Petitioner was guilty. (Dkt. No. 17-2 at 40).

Although Petitioner's counsel did not file a motion for a mistrial, the Judge indicated that he was not inclined to grant a mistrial because he believed the juror's voir dire omission was unintentional. (Dkt. No. 17-2 at 49). The parties consented to set aside the guilty verdict and reached a negotiated plea agreement in which Petitioner would waive presentment to the grand jury on a charge of lewd act upon a minor, plead guilty, and receive a 15-year sentence, which was the maximum charge available. (Dkt. No. 17-2 at 48–55). On February 27, 2012, the trial judge accepted the plea and sentenced Petitioner to 15 years with credit for time served. (Dkt. No. 17-2 at 53).

Petitioner filed a *pro se* notice of appeal. (Dkt. No. 17-3) Upon direction by the court, Petitioner filed a *pro se* Rule 203(d)(1)(B)(iv) explanation further stating the basis for his appeal. (Dkt. No. 17-4). Petitioner's trial and plea counsel notified the Court of Appeals that he believed the record contained no appealable issues (Dkt. No. 17-7), and on February 2, 2013, the South Carolina Court of Appeals found that Petitioner had failed to provide a sufficient explanation as required by S.C. App. R. 203(d)(1)(B)(iv) and dismissed his appeal. (Dkt. No. 17-8). The South Carolina Court of Appeals sent the remittitur to the Richland County Clerk of Court on March 28, 2013. (Dkt. No. 17-9).

On June 24, 2013, Petitioner filed an application for post-conviction relief (PCR) raising the following issues: "(A) Ineffective Assistance of Counsel; (B) Did not knowingly or intelligently plead guilty; [and] (C) Coerced into plea of guilty." (Dkt. No. 17-2 at 62). After an

evidentiary hearing, the PCR court dismissed Petitioner's application in its entirety on February 13, 2015.

Petitioner timely filed a notice of appeal, and his appellate counsel filed a *Johnson* petition seeking to be relieved as counsel and raising the following issue: "Did the PCR court err in failing to find plea counsel ineffective for not insuring that Petitioner Spellman's guilty plea was entered voluntarily and knowingly?" (Dkt. Nos. 17-13, 17-14). Petitioner also filed a *pro se Johnson* petition. (Dkt. No. 17-15). On March 25, 2016, the South Carolina Supreme Court filed an order denying certiorari and granting appellate counsel's petition to be relieved (Dkt. No. 17-16). The South Carolina Court of Appeals remitted the matter on April 12, 2016. (Dkt. No. 17-17).

Petitioner filed this Petition for Writ of Habeas Corpus on April 26, 2016. (Dkt. No. 1). Petitioner raises three grounds for relief: (1) "Unknowing and Involuntary Plea due to improper advice of counsel"; (2) "Ineffective assistance of counsel for a variety of issues"; and (3) "Los[t] Evidence." (Dkt. No. 22 (narrowing scope of petition in response to Respondent's motion for summary judgment).

The Magistrate Judge found that all of Petitioner's grounds lacked merit and recommended granting Respondent's motion for summary judgment and dismissing the petition. (Dkt. No. 25). Petitioner subsequently filed objections (Dkt. Nos. 27, 30).

## II. Legal Standard

### A. Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## B. Federal Habeas Review

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the

4

burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## C. Habeas Review of Guilty Plea Challenges Based on Ineffective Assistance of Counsel

To successfully challenge the voluntariness of a guilty plea based on ineffective assistance of counsel, Petitioner must satisfy a two-part test. First, Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Second, Petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

## III. Discussion

Petitioner's first ground for relief is that his guilty plea was unknowing due to improper advice of counsel. In his objections, Petitioner again reiterates that "counsel issued advice to the Petitioner to the effect [that] there is no defense possible" and "'coerced' the Petitioner into entering a plea by making threats as to length of sentence verses time from verdict." (Dkt. No. 27 at 4). Petitioner did not raise any *specific* objections to the Magistrate Judge's findings that the PCR court's rejection of the first grounds for relief involved neither an unreasonable application of clearly established federal law, nor a decision based on an unreasonable determination of the facts in light of evidence presented. The Court finds that the Magistrate Judge ably and thoroughly summarized the factual and legal issues and appropriately found that Petitioner's first grounds for relief failed to meet the § 2254(d) standards. Most importantly, Petitioner failed to show with any reasonable probability that, but for plea counsel's alleged errors, he would have not pleaded guilty. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Accordingly, the Court adopts the Magistrate Judge's finding on this issue as its own.

5

Petitioner's second ground for relief is that his trial counsel was ineffective during various stages of the trial. Again, Petitioner failed to raise any specific objections to the Magistrate Judge's findings that the PCR court's rejection of this claim was not contrary to and did not involve an unreasonable application of clearly established federal law under § 2254(d)(1). Because the Magistrate Judge ably and thoroughly summarized the factual and legal issues and appropriately found that Petitioner's second grounds for relief failed to meet § 2254(d)(1)'s standards, the Court adopts the Magistrate Judge's findings on this issue as its own.

Petitioner's third ground for relief is that the prosecution lost evidence that would have been favorable to him at trial. Petitioner did not discuss this ground for relief in his memorandum in opposition to summary judgment, and he did not discuss it in his objections to the R & R. The Court now adopts the Magistrate Judge's findings as his own.

## IV. Conclusion

The Court **ADOPTS** the R & R (Dkt. No. 25), **GRANTS** Respondent's Motion for Summary Judgment (Dkt. No. 18), **DENIES** Petitioner's motion for summary judgment (Dkt. No. 21), and **DISMISSES** the habeas petition.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any

6

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 13, 2017
Charleston, South Carolina